**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL GUTHRIE | CIVIL ACTION  - Case No. 1:15-cv-09690 |
| Plaintiff, | |
| v. | COMPLAINT |
| BAYVIEW LOAN SERVICING, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, MICHAEL GUTHRIE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, BAYVIEW LOAN SERVICING, LLC ("Bayview" or "Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action as a consumer to secure redress from Defendant's unlawful debt collection practices.  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

3.  Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's collection practices impacted Plaintiff within the Northern District of Illinois.

1

**PARTIES**

4.  Plaintiff is natural person residing at 809 South Villa Avenue, Villa Park, Illinois 60181.

5.  Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6.  At all times relevant to the action, Bayview was a limited liability company with its principal place of business located at 4425 Ponce De Leon Boulevard, 4th Floor, Coral Gables, Florida 33146. Defendant transacts business in Illinois. Defendant's Illinois registered agent is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7.  Bayview is a debt buyer that is in the business of servicing debts which are in default.

8.  Bayview is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9.  At all times relevant to this complaint, Bayview was collecting on a consumer debt as defined by 15 U.S.C. §1692a(5).

**FACTS SUPPORTING CAUSES OF ACTION**

10. On January 19, 2007, Plaintiff obtained a residential mortgage ("subject debt") from America's Wholesale Lender ("AWL") secured by the real property located at 39 Cutters Run, South Barrington, Illinois 60010 ("subject property").

11. In 2008, Bank of America ("BOA") acquired the servicing rights to the subject debt.

12. In our about December 2011, and after Plaintiff had defaulted on the subject debt, Bayview acquired the servicing rights to the subject debt.

13. On December 20, 2012, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, case number 12-49923 ("bankruptcy case"),

2

invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

14. Plaintiff listed the subject debt with BOA as a secured creditor on Schedule D of his bankruptcy petition. *See* Exhibit B, a true and correct copy of Schedule D listed in Plaintiff's bankruptcy petition.

15. On December 21, 2012, because Plaintiff listed BOA as a secured creditor, the Bankruptcy Noticing Center ("BNC") served BOA with Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines. *See* Exhibit C, a true and correct copy of the BNC Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines upon BOA.

16. Bayview also received notice of Plaintiff's bankruptcy case through the BNC. *Id.*

17. Plaintiff received a discharge in his bankruptcy on August 15, 2013, invoking the protections of 11 U.S.C. §524. *See* Exhibit D, a true and correct copy of the Discharge Order and the BNC Certificate of Notice establishing service upon BOA *and* Defendant.

18. On November 17, 2014, over one year after Plaintiff was granted a discharge in his bankruptcy case, Bayview sent Plaintiff a mortgage statement listing a total amount due of $614,347.31 to satisfy the subject debt. The mortgage statement stated that payment was due by December 1, 2014 *See* Exhibit E, a true and correct copy of the November 17, 2014 mortgage statement Defendant sent to Plaintiff.

19. The November 17, 2014 mortgage statement listed foreclosure avoidance options available to Plaintiff. *Id.*

20. On December 29, 2014, Bayview sent Plaintiff a grace period notice which stated that the subject debt was more than 30 days past due. *See* Exhibit F, a true and correct copy of the Grace Period Notice sent to Plaintiff.

21. On February 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $659,417.93 to satisfy the subject debt. *See* Exhibit G, a true and correct copy of the February 16, 2015 mortgage statement sent to Plaintiff.

22. The February 16, 2015 mortgage statement included a payment coupon which listed a monthly payment amount of $14,471.46 due by March 1, 2015. Payments after March 1, 2015 would be assessed a late fee in the amount $552.08. *Id.*

23. On April 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $689,466.01 to satisfy the subject debt. *See* Exhibit H, a true and correct copy of the April 16, 2015 mortgage statement sent to Plaintiff.

24. The April 16, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14, 471.46 *and* a monthly payment due of $689,465.01. Payments after May 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

25. On May 18, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $704,488.55 to satisfy the subject debt. *See* Exhibit I, a true and correct copy of the May 18, 2015 mortgage statement sent to Plaintiff.

26. The May 18, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14,471.46 *and* a monthly payment due of $704,488.5.  Payments after June 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

27. On June 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $719,512.09 to satisfy the subject debt. *See* Exhibit J, a true and correct copy of the June 16, 2015 mortgage statement sent to Plaintiff.

28. The June 16, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14,471.46 *and* a monthly payment due of $719,512.09. Payments after July 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

29. On July 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $734,535.63 to satisfy the subject debt. *See* Exhibit K, a true and correct copy of the July 16, 2015 mortgage statement sent to Plaintiff.

30. The July 16, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14, 471.46 *and* a monthly payment amount due of 734,535.63. Payments after August 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

31. On September 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $764,850.93 to satisfy the subject debt. *See* Exhibit L, a true and correct copy of the September 16, 2015 mortgage statement sent to Plaintiff.

32. The September 16, 2015 mortgage statement included a payment coupon which listed a total amount of $764,850.93 due by December 1, 2011. *Id.* The mortgage statement also had a delinquency notice stating that failing to bring the loan current may result in fees, foreclosure – the loss of Plaintiff's home, and that, as of September 16, 2015, Plaintiff is 1385 days delinquent on the mortgage.

33. On October 16, 2015, Defendant sent Plaintiff a mortgage statement listing a total amount due of $780,008.58 to satisfy the subject debt. *See* Exhibit M, a true and correct copy of the October 16, 2015 mortgage statement sent to Plaintiff.

34. The October 16, 2015 mortgage statement included a payment coupon which listed a total amount of $780,008.58 due by December 1, 2011. *Id.* The mortgage statement also had a delinquency notice stating that failing to bring the loan current may result in fees, foreclosure –

the loss of Plaintiff's home, and that, as of October 16, 2015, Plaintiff is 1415 days delinquent on the mortgage.

35. All of Bayview's actions occurred with actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge.

36. Concerned about the violations of his rights and protections afforded by virtue of filing his Chapter 7 case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

37. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's deceptive collection actions.

38. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

39. Plaintiff was in a state of utter confusion as he was led to believe his bankruptcy had no legal effect.

**COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

42. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

43. Defendant qualifies as a "debt collector" as defined by §1692a(6) because it  regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

44. Defendant qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

6

45. Defendant violated 15 U.S.C. §§1692e(2), e(10), and f(1) through its debt collection efforts.

46. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was no longer owed at the time Defendant sent the payment demands to Plaintiff because the subject debt was discharged in Plaintiff's Chapter 7 bankruptcy.

47. Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time it sent the payment demands to Plaintiff as the subject debt was not owed by virtue of the discharge injunction.

48. Defendant had notice of the discharge as the BNC caused a copy of the Discharge Order to be served upon Defendant. *See* Exhibit D.

49. Furthermore, Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiff's obligation to pay the subject debt was discharged by his bankruptcy filing.

50. In doing so, Bayview has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

51. As pled in paragraphs 37 to 39, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, MICHAEL GUTHRIE, respectfully requests that this Honorable

Court enter judgment in his favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

c. awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

e. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 29, 2015                          Respectfully Submitted,

/s/ Majdi Y. Hijazin
Majdi Y. Hijazin, *Of Counsel*
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188

mhijazin@hijazinlaw.com