**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Michael Guthrie, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-9690 |
| v. ) | |
| ) | Hon. Milton I. Shadur |
| Bayview Loan Servicing, LLC, ) | |
| ) | |
| Defendant. ) | |

**ANSWER OF BAYVIEW LOAN SERVICING, LLC**

NOW COMES Defendant, Bayview Loan Servicing, LLC, by and through its counsel, Smith & Weik, LLC, and in Answer to the Complaint by Plaintiff, Michael Guthrie, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action as a consumer to secure redress from Defendant's unlawful debt collection practices. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER:** Bayview admits Plaintiff brings the above referenced action pursuant to the FDCPA, but denies it has engaged in unlawful collection practices or has violated the FDCPA.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA and ICFA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

**ANSWER:** Bayview denies the above referenced action is brought pursuant to the ICFA and admits the Court has subject matter jurisdiction.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in the Northern District of Illinois and Defendant's collection practices impacted Plaintiff within the Northern District of Illinois.

**ANSWER:** Bayview admits venue is proper but denies the characterization that its debt collection practices impacted Plaintiff. Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegation that jurisdiction is proper as Plaintiff has expressly denied the existence of the Northern Judicial District of Illinois and the United States District Court by document recorded in the Recorder's office of Cook County, Illinois, as document number 1107657171.

## PARTIES

4. Plaintiff is natural person residing at 809 South Villa Avenue, Villa Park, Illinois 60181.

**ANSWER:** Admit.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

6. At all times relevant to the action, Bayview was a limited liability company with its principal place of business located at 4425 Ponce De Leon Boulevard, 4th Floor, Coral Gables, Florida 33146. Defendant transacts business in Illinois. Defendant's Illinois registered agent is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:** Admit, expect that the registered agent is Illinois Corporation Service Company.

7. Bayview is a debt buyer that is in the business of servicing debts which are in default.

**ANSWER:** Bayview denies the characterization that it is a debt buyer or that it is in the business of servicing debts which are in default; Bayview is a loan servicing company which services residential and small balance commercial mortgage loans.

8. Bayview is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Denies Bayview is a debt collector with respect to loans which are current at the time of acquisition and admits the rest.

9. At all times relevant to this complaint, Bayview was collecting on a consumer debt as defined by 15 U.S.C. §1692a(5).

**ANSWER:** To the extent the Complaint refers to Plaintiff's mortgage, Bayview denies it was collecting on a debt.

## FACTS SUPPORTING CAUSES OF ACTION

10. On January 19, 2007, Plaintiff obtained a residential mortgage ("subject debt") from America's Wholesale Lender ("AWL") secured by the real property located at 39 Cutters Run, South Barrington, Illinois 60010 ("subject property").

**ANSWER:** Admit.

11. In 2008, Bank of America ("BOA") acquired the servicing rights to the subject debt.

**ANSWER:** Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

12. In our about December 2011, and after Plaintiff had defaulted on the subject debt, Bayview acquired the servicing rights to the subject debt.

**ANSWER:** Admit.

13. On December 20, 2012, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, case number 12-49923 ("bankruptcy case"), invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

**ANSWER:** Admit.

14. Plaintiff listed the subject debt with BOA as a secured creditor on Schedule D of his bankruptcy petition. *See* Exhibit B, a true and correct copy of Schedule D listed in Plaintiff's bankruptcy petition.

**ANSWER:** Admit.

15. On December 21, 2012, because Plaintiff listed BOA as a secured creditor, the Bankruptcy Noticing Center ("BNC") served BOA with Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines. *See* Exhibit C, a true and correct copy of the BNC Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines upon BOA.

**ANSWER:** Admits the document purports to state that Bank of America was sent notice by first class mail, however Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

16. Bayview also received notice of Plaintiff's bankruptcy case through the BNC. *Id.*

**ANSWER:** Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

17. Plaintiff received a discharge in his bankruptcy on August 15, 2013, invoking the protections of 11 U.S.C. §524. *See* Exhibit D, a true and correct copy of the Discharge Order and the BNC Certificate of Notice establishing service upon BOA *and* Defendant.

**ANSWER:** Admits only that Plaintiff received a discharge on August 15, 2013 under section 727 of title 11. Bayview is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies same.

18. On November 17, 2014, over one year after Plaintiff was granted a discharge in his bankruptcy case, Bayview sent Plaintiff a mortgage statement listing a total amount due of $614,347.31 to satisfy the

subject debt. The mortgage statement stated that payment was due by December 1, 2014 *See* Exhibit E, a true and correct copy of the November 17, 2014 mortgage statement Defendant sent to Plaintiff.

**ANSWER:** Denies Exhibit E is a mortgage statement, denies Plaintiff's characterization of the information contained in the document and denies that Exhibit E is a true and correct copy of the document referred to, admits the rest.

19. The November 17, 2014 mortgage statement listed foreclosure avoidance options available to Plaintiff. *Id.*

**ANSWER:** Denies the document is a mortgage statement, but admits it informs Plaintiff of home retention and foreclosure avoidance options.

20. On December 29, 2014, Bayview sent Plaintiff a grace period notice which stated that the subject debt was more than 30 days past due. *See* Exhibit F, a true and correct copy of the Grace Period Notice sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a statutory grace period notice, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

21. On February 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $659,417.93 to satisfy the subject debt. *See* Exhibit G, a true and correct copy of the February 16, 2015 mortgage statement sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a mortgage statement, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

22. The February 16, 2015 mortgage statement included a payment coupon which listed a monthly payment amount of $14,471.46 due by March 1, 2015. Payments after March 1, 2015 would be assessed a late fee in the amount $552.08. *Id.*

**ANSWER:** Denies the mortgage statement included a payment coupon and therefore denies a payment coupon which listed a monthly payment amount of $14,471.46. Denies the document states "Payments after March 1, 2015 would be assessed a late fee in the amount $552.08."

23. On April 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $689,466.01 to satisfy the subject debt. *See* Exhibit H, a true and correct copy of the April 16, 2015 mortgage statement sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a mortgage statement, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

24. The April 16, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14, 471.46 *and* a monthly payment due of $689,465.01. Payments after May 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

**ANSWER:** Denies the statement included a payment coupon and denies the mortgage statement listed a regular monthly payment amount of $14, 471.46 and a monthly payment due of $689,465.01. Admits the document states payments received after 5/16/15 would be charged a late fee.

25. On May 18, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $704,488.55 to satisfy the subject debt. *See* Exhibit I, a true and correct copy of the May 18, 2015 mortgage statement sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a mortgage statement, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

26. The May 18, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14,471.46 *and* a monthly payment due of $704,488.5. Payments after June 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

**ANSWER:** Denies the statement included a payment coupon and denies the mortgage statement listed a regular monthly payment amount of $14,471.46 and a monthly payment due of $704,488.5. Admits the document states payments received after 6/16/15 would be charged a late fee.

27. On June 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $719,512.09 to satisfy the subject debt. *See* Exhibit J, a true and correct copy of the June 16, 2015 mortgage statement sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a mortgage statement, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

28. The June 16, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14,471.46 *and* a monthly payment due of $719,512.09. Payments after July 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

**ANSWER:** Denies the statement included a payment coupon and denies the mortgage statement listed a regular monthly payment amount of $14,471.46 and a monthly payment due of $719,512.09. Admits the document states payments received after 7/16/15 would be charged a late fee.

29. On July 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $734,535.63 to satisfy the subject debt. *See* Exhibit K, a true and correct copy of the July 16, 2015 mortgage statement sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a mortgage statement, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

30. The July 16, 2015 mortgage statement included a payment coupon which listed a regular monthly payment amount of $14, 471.46 *and* a monthly payment amount due of 734,535.63. Payments after August 16, 2015 would be assessed a late fee in the amount $552.08. *Id.*

**ANSWER:** Denies the statement included a payment coupon and denies the mortgage statement listed a regular monthly payment amount of $$14, 471.46 and a monthly payment amount due of 734,535.63. Admits the document states payments received after 8/16/15 would be charged a late fee.

31. On September 16, 2015, Bayview sent Plaintiff a mortgage statement listing a total amount due of $764,850.93 to satisfy the subject debt. *See* Exhibit L, a true and correct copy of the September 16, 2015 mortgage statement sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a mortgage statement, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

32. The September 16, 2015 mortgage statement included a payment coupon which listed a total amount of $764,850.93 due by December 1, 2011. *Id.* The mortgage statement also had a delinquency notice stating that failing to bring the loan current may result in fees, foreclosure – the loss of Plaintiff's home, and that, as of September 16, 2015, Plaintiff is 1385 days delinquent on the mortgage.

**ANSWER:** Denies the mortgage statement included a payment coupon and therefore denies payment coupon which listed a total amount of $764,850.93 due by December 1, 2011. Admits the remainder of the averments contained in this paragraph.

33. On October 16, 2015, Defendant sent Plaintiff a mortgage statement listing a total amount due of $780,008.58 to satisfy the subject debt. *See* Exhibit M, a true and correct copy of the October 16, 2015 mortgage statement sent to Plaintiff.

**ANSWER:** Admits Bayview sent Plaintiff a mortgage statement, denies Plaintiff has accurately characterized the information contained in the notice; and denies that the exhibit is a true and correct copy of the notice sent to Plaintiff.

34. The October 16, 2015 mortgage statement included a payment coupon which listed a total amount of $780,008.58 due by December 1, 2011. *Id.* The mortgage statement also had a delinquency notice stating that failing to bring the loan current may result in fees, foreclosure – the loss of Plaintiff's home, and that, as of October 16, 2015, Plaintiff is 1415 days delinquent on the mortgage.

**ANSWER:** Denies the mortgage statement included a payment coupon and therefore denies payment coupon which listed a total amount of $780,008.58 due by December 1, 2011. Admits the remainder of the averments contained in this paragraph.

35. All of Bayview's actions occurred with actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge.

**ANSWER:** Deny.

36. Concerned about the violations of his rights and protections afforded by virtue of filing his Chapter 7 case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

**ANSWER:** Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

37. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's deceptive collection actions.

**ANSWER:** Denies Bayview has engaged in deceptive collection actions. Bayview is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies same.

38. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

**ANSWER:** Denies Bayview has made unlawful attempts to collect the subject debt. Bayview is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis denies same.

39. Plaintiff was in a state of utter confusion as he was led to believe his bankruptcy had no legal effect.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

## COUNT I -- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

**ANSWER:** Bayview repeats and realleges its responses to paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

**ANSWER:** Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

42. The subject debt qualifies as a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

**ANSWER:** Bayview is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies same.

43. Defendant qualifies as a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**ANSWER:** Denies Bayview is a debt collector with respect to loans which are current at the time of acquisition and admits the rest.

44. Defendant qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

**ANSWER:** Admit.

45. Defendant violated 15 U.S.C. §§1692e(2), e(10), and f(1) through its debt collection efforts.

**ANSWER:** Deny.

46. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was no longer owed at the time Defendant sent the payment demands to Plaintiff because the subject debt was discharged in Plaintiff's Chapter 7 bankruptcy.

**ANSWER:** Deny.

47. Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time it sent the payment demands to Plaintiff as the subject debt was not owed by virtue of the discharge injunction.

**ANSWER:** Deny.

48. Defendant had notice of the discharge as the BNC caused a copy of the Discharge Order to be served upon Defendant. *See* Exhibit D.

**ANSWER:** Deny.

49. Furthermore, Defendant violated 15 U.S.C. §1692(f)(1) by attempting to collect an amount not permitted by law as Plaintiff's obligation to pay the subject debt was discharged by his bankruptcy filing.

**ANSWER:** Deny.

50. In doing so, Bayview has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

**ANSWER:** Deny.

51. As pled in paragraphs 37 to 39, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

**ANSWER:** Deny.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to set forth fact sufficient to state a claim upon which relief may be granted and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Bayview.

2. Plaintiff's claims are barred, in whole or in part, as purported violations of any bankruptcy discharge must be asserted in the bankruptcy proceeding, as the sole remedy is a contempt action brought in the bankruptcy court that issued the order of discharge.

3. Plaintiff's claims are barred pursuant to 11 U.S.C. § 524(j).

4. Plaintiff's claims are barred, in whole, or in part, as Plaintiff seek damages under laws which were not in existence at the time of the complained of act.

5. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

6. Plaintiff's claims are barred, in whole, or in part, by the bona fide error defense.

7. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

8. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9. Bayview's communications were not in connection with the collection of a debt.

10. Communications to Plaintiff explicitly informed Plaintiff that they are for informational purposes only.

11. Bayview reserve the right to assert additional defenses as may become apparent through additional investigation and discovery.

        Respectfully submitted,

        By: /s/ Jonathan D. Nusgart    .
        Attorney for Bayview Loan Servicing, LLC

Jonathan D. Nusgart #6211908
Michael J. Weik #3125782
Craig C. Smith #6238126
Smith & Weik, LLC
1011 Lake St., Suite 412
Oak Park, IL  60301
(708) 386-9540

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2015, I filed the above pleading via the court's CM/ECF system and notice will be served to all registered parties by electronic notice.

By:   /s/ Jonathan D. Nusgart  .