IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GUTHRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 9690 |
| | ) | |
| BAYVIEW LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

With yesterday's return of the jury verdict in the trial of an extraordinarily complex Civil action that involved multiple parties and multiple claims and has served as a sponge soaking up all available (and some unavailable) time during the past few weeks, this Court has now been enabled to resume its efforts to monitor lawyer noncompliance with fundamental pleading rules and principles in other cases on its calendar. This action, in which Bayview Loan Servicing, LLC ("Bayview") filed its Answer to the Complaint brought against it by plaintiff Michael Guthrie ("Guthrie") during the last workweek in December, is a prime candidate for such scrutiny.

To begin with, Bayview's counsel has invariably coupled the frequent invocation of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5)[1] (see Answer ¶¶ 5, 11, 15-17, 36-39, 41 and 42) with the language "and on that basis denies same." It is of course oxymoronic for a party

---

[1] "Permitted" should not be misunderstood as any expression of this Court's view as to whether any of those invocations do or do not comply with counsel's obligations under Rule 11(b). This Court is not of course able to speak to that subject at this threshold stage of the litigation.

to assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation, then proceed to deny it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each paragraph of the Answer.

Next, Bayview's counsel regularly hedges or downright denies allegations in Guthrie's Complaint that refer to some attached exhibit as a "true and correct copy" of that document. If that is indeed the case in any instance, Bayview's counsel must identify the problem that exists in that respect so that both Guthrie's counsel and this Court are informed as to Bayview's contention -- an action that is called for by the notice pleading approach that is at the heart of federal litigation, whose basic purpose is to provide full information as to what things are and what things are not in dispute as between the litigants.

What has been said to this point is intended to be illustrative rather than exhaustive, for Bayview's counsel ought to take a hard look at the obviously grudging mindset exhibited throughout the Answer to see whether an Amended Answer might not better serve to advance the litigation. That said, this memorandum order turns to Bayview's affirmative defenses ("ADs") that follow the Answer itself:

1. AD 1 is unsatisfactory as framed, for advancing the equivalent of a Rule 12(b)(6) motion as an AD causes it to sit there like a ticking time bomb. If Bayview's counsel really believes that Guthrie has failed to state a claim, that must be presented by an appropriately supported motion so that this Court can address Bayview's contention in an appropriate way. In the meantime AD 1 is stricken.

2. All of ADs 2 through 10 suffer from the same flaw and should be addressed up front in like fashion. All those ADs are accordingly stricken as well (but without prejudice to the possible reassertion of any properly articulated AD).

3. More specifically, AD 5 presents an uninformative and impermissible laundry list (see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) and must not be repeated in such conclusory terms.

4. AD 7 is also particularly problematic, for it is plainly speculative and appears highly unlikely to be predicated on anything that Bayview or its counsel know at this threshold stage.

5. Finally, AD 11 is both unnecessary and meaningless. It too is stricken at this point.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 15, 2016